Filed 12/5/13  P. v. Scott CA2/2

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION TWO

| | |
|---|---|
| THE PEOPLE,<br><br>　　　Plaintiff and Respondent,<br><br>　　　v.<br><br>MICHAEL EUGENE SCOTT,<br><br>　　　Defendant and Appellant. | B246341<br><br>(Los Angeles County<br>Super. Ct. No. BA359979) |

THE COURT:[*]


Michael Eugene Scott appeals from a judgment following a guilty plea pursuant to a plea agreement.  According to facts taken from the preliminary hearing transcript, on August 4, 2009, Los Angeles Police Department (LAPD) Detective Joe Alves along with other LAPD officers were investigating narcotics activity in the area of Pico Boulevard and Cloverdale Avenue in the County of Los Angeles.  A narcotics suspect named

---

[*]　　BOREN, P. J ., CHAVEZ, J., FERNS, J.†

†　　Judge of the Los Angeles Superior Court, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.

Howard[1] who had been cited earlier for possession of a cocaine pipe was under surveillance. Appellant drove slowly into the area, pulled his car into a driveway next to Howard, and began speaking to him. Appellant reached towards the passenger side of the car as Howard looked up and down the street. Howard pointed to LAPD Officers Peko and Barrigan, who were sitting in a police car. Howard said something to appellant, and appellant immediately drove away. Detective Alves detained appellant pending a narcotics investigation and asked permission to search appellant's car. Appellant told Detective Alves to "go ahead and check it."

During the search of appellant's vehicle, Detective Alves discovered a release switch for a hidden compartment in the dashboard. Detective Alves found inside the passenger side airbag compartment individually wrapped baggies of cocaine base. Based on the quantity of cocaine and his over 11 years of experience investigating narcotics sales, Detective Alves opined that the cocaine was possessed for purposes of sale.

Appellant testified that he was driving through the area when Howard flagged him down. He knew Howard asked people for money and stopped to talk to him. As he started to leave he was surrounded by police officers and detained. He did not give consent for a search of his vehicle.

On January 13, 2010, the trial court denied appellant's motion to set aside the information (Pen. Code, § 995),[2] and denied appellant's motion to suppress (§ 1538.5, subd. (i)).

On October 5, 2010, after consulting with counsel, appellant pled guilty to one count of possession for purposes of sale of cocaine base in violation of Health and Safety Code section 11351.5, and one count of transportation of cocaine base in violation of Health and Safety Code section 11352, subdivision (a). Appellant also admitted having suffered one strike under the "Three Strikes" law (Pen. Code, §§ 667, subds. (b)–(i),

---

[1]     Mr. Howard's first name was not given at the preliminary hearing.

[2]     All further statutory references are to the Penal Code unless otherwise indicated.

1170.12, subds. (a)–(d)) and having served two prior prison terms (§ 667.5, subd. (b)). Pursuant to a plea agreement, the court sentenced appellant to state prison for six years.

Appellant filed a petition for a writ of habeas corpus directly to the Court of Appeal seeking permission to file a belated appeal. The request was denied by this court on February 28, 2011 (B230828). On November 1, 2011, appellant filed a petition for writ of habeas corpus in the California Supreme Court. On January 15, 2013, the trial court granted a certificate of probable cause regarding the denial of appellant's motion to suppress and ordered the clerk to accept as timely filed appellant's notice of appeal. Appellant filed a notice of appeal from the judgment in which he checked the preprinted boxes indicating, "This appeal is based on the denial of a motion to suppress evidence under Penal Code section 1538.5" and "This appeal challenges the validity of the plea or admission." Appellant also listed ineffective assistance of counsel as grounds for seeking a certificate of probable cause.

We appointed counsel to represent appellant on this appeal. After examination of the record, counsel filed an "Opening Brief" containing an acknowledgement that he had been unable to find any arguable issues. On July 10, 2013, we advised appellant that he had 30 days within which to personally submit any contentions or issues that he wished us to consider. No response has been received to date.

We have reviewed the entire record on appeal. We note that the trial court denied appellant's section 1538.5 motion to suppress evidence of the cocaine base that was found in appellant's car, stating that "the next issue is whether or not there was consent, and the court painstakingly listened to all of the testimony with regard to everything that happened from the time that the defendant was stopped until the time that the narcotics were found, and in that I find some things of interest and one of them being that the defendant indicates that he did not give consent for the officers to search the vehicle. [¶] And the court has to then look at the totality of the circumstances as to what happened at the location. The officers requested consent, and according to the defendant he would not have given consent. We can't skip over the fact that the drugs were in the vehicle and

3

they weren't in the glove compartment or in some other open compartment. The items were found in a secret compartment in the car which sort of negates the argument, well, he never would have given consent if he knew that he had drugs in his car. The fact that the defendant may have believed that the drugs were not going to be found is sufficient to negate that argument. [¶] So it's this court's belief already stating that the court found that the officers' testimony were credible that the defendant did give consent to search the vehicle and that the items were found in a secret compartment. [¶] . . . Therefore, the court finds . . . that there was a consent by the defendant and therefore the motion to suppress under 1538.5 is denied." Given these findings, the court did not err in denying the motion to suppress. (*People v. Valenzuela* (1999) 74 Cal.App.4th 1202, 1206–1207 ["In reviewing the denial of [a motion to suppress evidence] we must view the record in the light most favorable to respondent [citation], uphold all express and implied factual findings of the trial court that are supported by substantial evidence, then independently apply the proper federal constitutional standards to those facts [citations]"].)

This court has reviewed the merits of appellant's claims of ineffective assistance of counsel for failing to file a notice of appeal even though appellant entered a guilty plea as a result of a plea bargain. A defendant asserting a claim of ineffective assistance of counsel must demonstrate: (1) that counsel's performance fell below an objective standard of reasonableness and (2) that defendant suffered prejudice from the deficiency. (*People v. Rodrigues* (1994) 8 Cal.4th 1060, 1126.) Although the filing of appellant's appeal was delayed, appellant cannot show that he suffered prejudice. Appellant shows no other error and no prejudice.

Appellant was represented by counsel throughout the proceedings. He was fully apprised of his constitutional rights and the consequences of his plea. He expressly waived his rights, and his waiver was knowing, intelligent and voluntary. He specifically admitted transportation of cocaine base and possession of cocaine base for sale. There was no error in the sentence, which was in accord with applicable law and the negotiated disposition. Appellant received a fair hearing and due process.

4

We have examined the entire record and are satisfied that appellant's attorney has fully complied with his responsibilities and that no arguable issues exist.  (*People v. Wende* (1979) 25 Cal.3d 436, 441.)

The judgment is affirmed.

<u>NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS</u>.